IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY ADAMS** | : | |
|       *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No.  16-4135 |
| **NORFOLK SOUTHERN RAILWAY** | : | |
| **COMPANY et al.,** | : | |
|       *Defendants*. | : | |

PRATTER, J.                                                                                                                NOVEMBER 3, 2016

## MEMORANDUM

Leroy Adams sued the Norfolk Southern Railway Company, Resolute FP US Inc., and The Procter & Gamble Company ("P&G")[1] for negligence arising out of a workplace injury. Each defendant has moved to dismiss the complaint, or in the alternative, to transfer the action to the United States District Court for the Middle District of Pennsylvania.[2] Because Mr. Adams sustained his injuries at a location in the Middle District of Pennsylvania and because the majority of potential witnesses are located in the Middle District of Pennsylvania, the Court will grant Defendants' Motions to Transfer.

**I.    FACTUAL BACKGROUND**

Mr. Adams alleges that, in the course of his employment, he was severely injured at a railyard owned and operated by P&G and located at PA-87 in Mehoopany, Wyoming County, Pennsylvania (the "Premises") after he opened the door to a railcar and a number of bails fell out

---

[1]     P&G argues that Mr. Adams has not named the proper P&G entity as a defendant in this case, but does not dispute that *some* P&G entity owned and/or operated the railyard in question. At oral argument, counsel for P&G suggested that the proper entity is likely The Procter & Gamble Paper Products Company.

[2]     At oral argument, all Defendants acknowledged that venue is proper in the Eastern District of Pennsylvania.  Accordingly, the Court will evaluate Defendants' Motions to Transfer pursuant to 28 U.S.C. § 1404(a).

of the railcar and on top of him.[3] The railcar was allegedly packed by Resolute, owned by Norfolk, and transported on a railcar line owned and operated by Norfolk.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Once it is determined that a case could have been brought in the proposed transferee district, a court must weigh a variety of private and public factors to determine whether the matter should be transferred under 28 U.S.C. § 1404(a). The private factors include:

> [1 P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted). The public factors include:

> [1 T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted). District courts have broad discretion pursuant to § 1404(a) "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The movant, however, carries the heavy

---

[3]   Wyoming County, Pennsylvania is located within the Middle District of Pennsylvania.

burden of establishing the need for transfer, as the plaintiff's choice of venue "should not be lightly disturbed." *Jumara*, 55 F.3d at 879.

### III. DISCUSSION

Here, it is clear that venue would be proper in the Middle District of Pennsylvania because Mr. Adams sustained his injuries in that district. *See* 28 U.S.C. § 1391(b)(2). Accordingly, the Court moves on to whether transfer is appropriate under the *Jumara* factors.

Defendants argue that private factors 2 (defendants' forum choice), 3 (where the claim arose), 4 (convenience of the parties), and 5 (convenience of the witnesses) weigh in favor of transfer, while factor 6 (location of books and records) is neutral. Mr. Adams argues that private factor 1 (plaintiff's choice of forum) weighs against transfer and that the Court should afford his choice of forum the traditional deference. Mr. Adams further argues that Defendants' efforts to transfer this case amount to improper forum shopping. Apart from this, however, Mr. Adams does not present any arguments for why any of the other private factors weigh in favor of the case remaining in this District. Rather, Mr. Adams argues that Defendants have not met their burden to show that the private factors weigh in favor of transfer.

#### A. Private Factors

##### 1. Plaintiff's Choice of Forum

Defendants argue that the Court should not afford Mr. Adams's choice of forum the traditional deference because (i) this case has no significant connection to this District and (ii) this District is not Mr. Adams's home forum. A plaintiff's forum choice is traditionally "a paramount consideration in any determination of a transfer request." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). A plaintiff's choice receives considerably less deference, however, when "none of the operative facts occurred in the selected forum," *Coppola v.*

*Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008) (citation omitted), or when "the plaintiff does not reside in the chosen forum." *Barr, Jr. v. Nat'l R.R. Passenger Corp.*, No. 08-2529, 2009 WL 3497776, at *2 (E.D. Pa. Oct. 28, 2009).

At oral argument, counsel for Mr. Adams argued that Mr. Adams's choice of forum should be afforded the traditional deference because Defendants are doing nothing more than forum shopping by seeking a transfer to the Middle District of Pennsylvania. Mr. Adams's counsel suggested that P&G is one of the largest employers in the Middle District,[4] and as such, Mr. Adams, in conjunction with counsel, made an informed decision to file in this District because it is possible that a jury in the Middle District would be overly sympathetic to P&G. In essence, Mr. Adams's counsel is asking the Court to ignore Mr. Adams's effort to forum shop but hold Defendants' efforts to forum shop against them. A party's choice of forum, whether made by initiating a lawsuit or seeking a transfer, is invariably informed by some desire to obtain an advantage in the litigation. This fact alone cannot be dispositive in determining whether or not to transfer. Furthermore, in this case, Mr. Adams's counsel has done nothing more than speculate that P&G is the largest employer in the Middle District, and that, as a consequence, Defendants might be attempting to gain access to a more favorable jury pool. In contrast, Defendants have presented the Court with concrete reasons why the Court should transfer this case.

Here, the majority of the operative facts occurred in the Middle District of Pennsylvania, where Mr. Adams was injured. The only other event directly linked to Mr. Adams's injury—the alleged negligent packing of the railcar—occurred in South Carolina. Dalton Decl. ¶ 4 (Doc. No.

---

[4] No party has presented the Court with any facts to support or refute this contention.

8, Ex. A). [5] In addition, Mr. Adams is a resident of the Middle District of Pennsylvania, not this District. Accordingly, while this factor weighs against transfer, the Court will not afford significant deference to Mr. Adams's forum choice.

    2. <u>Defendants' Choice of Forum</u>

Defendants all prefer that the Middle District of Pennsylvania serve as the venue in this action as the alleged incident took place in the Middle District of Pennsylvania and the majority of witnesses are located in that district. Accordingly, this factor weighs in favor of transfer.

    3. <u>Where the Claims Arose</u>

Mr. Adams's claims are premised on two primary events: (i) Resolute's negligent packing which allegedly occurred in South Carolina and (ii) P&G's negligent conduct with regard to the Premises in Wyoming County. Mr. Adams sustained his injuries at the railyard in Wyoming County. Accordingly, a significant portion of the events giving rise to Mr. Adams's claims arose in the Middle District of Pennsylvania; no significant events occurred in this District. Therefore, this factor weighs in favor of transfer.

    4. <u>The Convenience of the Parties</u>

While Mr. Adams's preferred forum is the Eastern District of Pennsylvania, it would arguably be more convenient for him to try this case in the Middle District of Pennsylvania because Mr. Adams resides in Wyoming County. Furthermore, the P&G entity that owns and maintains the Premises is also located in Wyoming County. Presumably, any employees of the P&G entity responsible for the maintenance of the Premises would also reside in or around Wyoming County in the Middle District of Pennsylvania. Norfolk and Resolute are principally located outside of Pennsylvania, so it is not material to them whether venue is in this District or

---

[5] A movant can support its motion for transfer with supporting documents such as affidavits or declarations. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3d Cir. 1973). Norfolk attached the Dalton Declaration to its Motion.

the Middle District. Taking these facts into consideration, the Court determines this factor weighs in favor of transfer. *See, e.g.*, *Kastanidis v. Commonwealth of Pennsylvania*, No. 16-734, 2016 WL 3459536, at *2 (E.D. Pa. June 24, 2016) (transferring a case a resident from the Eastern District of Pennsylvania filed in the Eastern District to the Middle District of Pennsylvania in part because the plaintiff lived closer to a courthouse in the Middle District).

    5. The Convenience of the Witnesses

The convenience of the witnesses constitutes a *Jumara* factor "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Mr. Adams argues that the Defendants have not met their burden to show that trying this case in this District would render certain witnesses unavailable for trial. Defendants counter that (i) no witnesses reside in the Eastern District of Pennsylvania and (ii) nearly all of the potential witnesses identified by Mr. Adams in the parties' Joint Report of Rule 26(f) Meeting and Discovery Plan are located in the Middle District of Pennsylvania. Defendants contend it would be inconvenient to have witnesses travel over 120 miles to attend a trial in Philadelphia when a trial in Scranton would only require the witnesses to travel approximately 25 miles. While it would be more convenient for the witnesses if the Court transferred the case, Defendants have not shown that any witnesses would be unavailable to testify if this case were to remain in this District. Accordingly, this factor is neutral.

    6. The Location of Books and Records

The parties have produced no evidence to suggest this factor favors either transfer or denial of transfer. Accordingly, this factor is neutral.

### B. Public Factors

Defendants argue that public factors 2 (practical considerations) and 4 (local interest) weigh in favor of transfer, while the remaining public factors are neutral. Mr. Adams argues that Defendants have not met their burden to show that the public factors weigh in favor of transfer.

#### 1. Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive (Public Factor No. 2)

Defendants argue that it may be necessary for a jury demonstration showing the opening of the railcar door on the Premises because Mr. Adams has alleged that a dangerous condition on the Premises/inside the railcar was responsible for his injuries. Mr. Adams counters that there would be no need for a jury to visit the accident scene in this case. Because a jury demonstration, while unlikely, is possible, this factor weighs in favor of transfer. The Court does not, however, give this factor considerable weight.

#### 2. The Local Interest in Deciding Local Controversies (Public Factor No. 4)

"When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report." *Coppola*, 250 F.R.D at 201 (quoting *In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp 188, 195 (E.D.N.Y. 1994)). Defendants argue that because the accident giving rise to Mr. Adams's alleged severe injuries occurred in the Middle District of Pennsylvania, the Middle District has the strongest interest in hearing the case. Furthermore, in arguing that Defendants are forum shopping by seeking to have this case transferred, counsel for Mr. Adams suggested that P&G is one of the largest employers in the Middle District of Pennsylvania. If this were the case, it would seem that conduct by P&G resulting in serious injuries to one of its employees would be a matter of local interest to the Middle District. Accordingly, this factor weighs in favor of transfer.

      3. Remaining Public Factors

The parties agree that the remaining public factors are neutral. As such, they do not factor into the Court's decision.

\*     \*     \*

Upon consideration of the *Jumara* factors, the Court determines that a transfer to the United States District Court for the Middle District of Pennsylvania is warranted. Apart from Mr. Adams choosing to bring suit in this District, nothing else in this case relates to this District. In contrast, many, if not most, of the events and individuals described in Mr. Adams's Complaint relate to the Middle District of Pennsylvania. Accordingly, the litigation would proceed more conveniently and the interests of justice would be better served by a transfer. *See Jumara*, 55 F.3d at 879.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motions to Transfer.

\*     \*     \*

An appropriate order follows.

                      BY THE COURT:

                      /s/ Gene E.K. Pratter
                      GENE E.K. PRATTER
                      UNITED STATES DISTRICT JUDGE